UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

ARTASSURE LTD., LLC

                    Plaintiff,

           -against-

ARTMENTUM GMBH, MICHAEL SCHULZ,
THOMAS BURKHALTER, ELIANE PIDOUX,
INTERNATIONAL CORPORATE ART
CONSULTING, KEVIN WYNN,
KLAUS MACIEJEWSKI, HANS-BERT MOLL, and
DZ PRIVATBANK (SCHWEIZ) AG

                 Defendants.
-------------------------------------------------------------------------X

Case No. 14-cv-3756

MEMORANDUM OF
LAW IN OPPOSITION
TO THE MOTION TO
DISMISS AND IN
SUPPORT OF
CROSS MOTION

# MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS AND IN SUPPORT OF CROSS MOTION FOR LIMITED DISCOVERY

**FRANZINO & SCHER, LLC**
*Attorneys for Defendants*
**900 Third Avenue, 17th Floor**
**New York, New York 10022**
**(212) 230-1140**

# TABLE OF CONTENTS

*Section*                                                                          *Page*

TABLE OF AUTHORITIES...............................................................................ii

INTRODUCTION........................................................................................1

ARGUMENT

POINT I:      THERE IS POTENTIALLY JURISDICTION OVER
             THESE DEFENDANTS ......................................................................4

             A.  THERE MAY BE JURISDICTION UNDER CPLR 302(a)(1) .................4

             B.  THERE MAY BE JURISDICTION UNDER CPLR 302(a)(3)(ii) .............6

POINT II:     DUE PROCESS IS NOT OFFENDED BY
             KEEPING THE CASE IN NEW YORK  ................................................8

POINT III:    THIS ACTION BELONGS IN NEW YORK ........................................10

POINT IV:     ART ASSURE DID NOT WAIVE RIGHT TO SUE
             BY ARBITRATION CLAUSE .........................................................14

POINT V:      ART ASSURE DID NOT VIOLATE
             THE CONFIDENTIALITY PROVISIONS ...........................................15

POINT VI:     ART ASSURE IS ENTITLED TO LIMITED DISCOVERY
             IN AID OF JURISDICTION ..........................................................15

CONCLUSION ........................................................................................17

# TABLE OF AUTHORITIES

*Cases*                                                                                    *Page*

Allied Dynamics Corp. v. Kennametal Inc.
965 F. Supp. 2d 276 (E.D.N.Y. 2013) …………….....……………………………………..9

Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez
171 F. 3d 779 (2d Cir. 1999) ………………………………………....……………...6

Bialek v. Racal-Milgo, Inc.
545 F. Supp. 25 (S.D.N.Y. 1982) ………………......………………………………....4

Bodner v. Banque Paribas, et al.
114 F. Supp. 2d 117 (E.D.N.Y. 2000) ………………………………………………....11

Cosmetech International LLC. v. Der Kwei Enterprise and Co., Ltd.
943 F. Supp. 311 (S.D.N.Y. 1996) ………………......……………………………….4,7

Daimler AG v. Bauman
134 S. Ct. 746 (2014) ……………….………………………………………....……….8,9

Deutsche Bank Securities, Inc. v. Montana Board of Investments
21 A.D. 3d 90, 797 N.Y.S. 2d 439 (1st Dept 2005) ……………………………………4,10

Di Rienzo v. Philip Servs. Corp.
294 F. 3d 21, 28 (2d Cir. 2002) ……………………………………………………….12

Elgin Sweeper Co v. Melson, Inc.
884 F. Supp. 641 (N.D.N.Y. 1995) ………………………………………......……………11

Energy Brands, Inc. v. Spiritual Brands, Inc.
571 F. Supp.2d 459 (S.D. N.Y. 2008) ………………......……………………………….9

Erhlich- Bober & Co v. University of Houston
49 N.Y. 2d 574, 427 N.Y.S. 2d 604 (1980) …………………………………………….8

Gasarch v. Ormand Industries, Inc.
346 F. Supp. 550 (S.D.N.Y. 1972) ………………......……………………………….7

HBK Master Fund, L.P., et al., v. Troika Dialog USA, Inc., et al.
85 A.D. 3d 665, 925 N.Y.S. 2d 829 (1st Dept 2011) …..……………………………….6

Hollens v. U.S. Tennis Association
469 F. Supp. 2d 67 (E. D. N.Y. 2006) ………………......…………………………….17

International Shoe v. Washington
326 U.S. 310 (1945) ................................................................4,8,9

Levisohn Lerner, Burger & Langsam v. Medical Taping Sys, Inc.
10 F. Supp. 2d 334 (S.D.N.Y. 1998) ...................................…......7

Mason v. Stevensville Golf and Country Club
292 F. Supp. 348 (S.D. N.Y. 1968) ........................................15

Motorola Credit Corp. v. Uzan,
388 F. 3d 39 (2d Cir. 2004) .................................................13

National Westminister Bank PLC v. Retirement Care Associates, Inc.
1999 US DIST LEXIS 5807 (S.D.N.Y. 1999) .............................6

Park Galleries v. Franks
2012 WL 2367040 (S.D.N.Y. 2012) ....................................…...7

Parke-Bernet Galleries, Inc. v. Franklyn
26 N.Y. 2d 13, 308 N.Y.S. 2d 337 (1970) ................................7

Stardust Dance Productions.Ltd. v. Cruise Groups International, Inc.
63 A. D. 3d 1262, 881 N.Y.S. 2d 192 (3rd Dept 2009) ...............…....4

Sybron Corp. v. Wetzel
46 N.Y.2d 197, 413 N.Y.S.2d 127 (1978) ................................6

Texas International Magnetics, Inc. v. BASF Aktiengesellschaft
31 Fed. Appx. 738, 740 (2d Cir. 2002) ..........................…........16

Traver v. Officine Meccaniche Toshci Spa
233 F. Supp. 2d 404 (N.D. N.Y. 2002) ...............................…....12

Varkonyi v. S. A. Empressa et al.
22 N.Y. 2d 333, 292 N.Y.S. 2d 670 (1968) ............................12

Winston & Strawn v. Dong Won Securities Co, Ltd.
2002 WL 31444625, p. 5 (S. D.N.Y. 2002) .............................16

Zottola v. AGI Group, Inc.
63 A.D.3d 1052, 882 N.Y.S. 2d 445 (2d Dept 2009) ....................9

*Statutes*

N.Y. C.P.L.R. 302 (McKinney) …………………………………………………4,5,6,9,16

*Other Authorities*

McLaughlin, <u>Supplementary Practice Commentary</u> …………………………………………...7

## MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS
## AND IN SUPPORT OF CROSS MOTION FOR LIMITED DISCOVERY

This Memorandum of Law is respectfully submitted on behalf of plaintiff Art Assure,

Ltd., LLC. ("Art Assure") in opposition to the motion to dismiss based upon an alleged lack of

personal jurisdiction over defendants and in support of the following relief:

a.   An order permitting limited discovery in aid of jurisdiction;

b.   An order staying defendants' motion to dismiss pending the conclusion of such limited

discovery in aid of jurisdiction;

The facts are as stated in the Affidavit of Asher Edelman ("Edelman Affidavit") and will

be repeated herein only as necessary. The terms are as defined in the Edelman Affidavit.

## INTRODUCTION

Prior to answering the complaint, Burkhalter, and all of the defendants associated with

Artmentum GMBH ("Artmentum Defendants") made a motion to dismiss claiming as follows:

a.   that this Court has no personal jurisdiction over any of them;

b.   that they do not do business in the United States or New York;

c.   that this matter belongs in Switzerland on the basis of forum non conveniens and on the

basis of an arbitration clause in a contract executed by Art Assure and Artmentum in

July 2013 known as the Memorandum of Understanding ("the Contract").

This Complaint was originally initiated in New York Supreme Court and removed to this

Court by the defendants. The Complaint was brought in New York because Art Assure is a

resident of New York, and its members are either residents of New York and/or citizens of the

United States. Further, all of the negotiations for the Contract were conducted through the office

of Art Assure in New York.  The effects of the fraudulent scheme perpetuated by the Artmentum

Defendants were felt in New York. The Contract with an arbitration clause was signed by

Artmentum and not by any of the other individual defendants and in no event covers fraudulent activities. Finally, the Artmentum Defendants are citizens and residents of several different countries making no one jurisdiction the proper venue for this action.

It is ironic that the Artmentum Defendants should now claim that they do not do business in New York or conduct international business. When these Artmentum Defendants were attempting to defraud Art Assure, their own website (conducted in English) boasted that they represented clients in matters concerning the acquisition and sale of prominent art throughout the world including the United States. This website was functional from 2008 through 2014.  When Art Assure recently attempted to access the website, www.Artmentum.com, this website had disappeared from the internet. It is very convenient that the Artmentum website disappeared from the web in January 2014 – at the same time that the Complaint was filed in Supreme Court, New York County.

Further, it was the Artmentum Defendants by defendant Eliane Pidoux, who solicited Art Assure in May 2013 to purchase a significant collection of late 19th century-early 20th century art ("the Collection"). The pressure on Art Assure to purchase the Collection was applied by defendant Thomas Burkhalter ("Burkhalter"), an attorney and self-proclaimed principal in Artmentum. Art Assure was informed by Burkhalter that Artmentum was a substantial corporate entity which had the ability to finance the purchase of €50 million Euros worth of art.

Art Assure was induced to execute the Contract by the representations by the Artmentum Defendants (in particular by Burkhalter) that Artmentum had the exclusive mandate to sell the Collection, that the Collection was housed in a museum in Japan, that a Japanese bank owned the Collection in conjunction with the Japanese government and that the Collection was evaluated by Sotheby's.  Burkhalter insisted that Art Assure provide a comfort letter that Art Assure was

financially capable of purchasing the Collection for the €305 million Euros negotiated price and that the comfort letter had to originate from an American bank through the SWIFT banking channels to Artmentum's escrow agent, DZ PrivatBank. Burkhalter explained that DZ PrivatBank was more than just an escrow agent herein; DZ PrivatBank was the entity which had the ongoing relationship with the Japanese entities owning the Collection. Art Assure fulfilled all of its obligations under the Contract but was never given an opportunity to examine a certified translation of exclusive mandate as provided in that Contract, nor was Art Assure given the promised opportunity to examine the Collection.

When Artmentum breached the Contract, Art Assure discovered through extensive and expensive investigation, that Artmentum never had such exclusive mandate and that the Collection was not even owned by the parties identified by Artmentum. Art Assure has now learned that DZ PrivatBank did not have the purported  relationship with the Japanese entities owning the Collection and that DZ PrivatBank knew nothing of the Contract or Artmentum's alleged attempts to sell the Collection to Art Assure. The full effect of the fraud perpetuated by the Artmentum Defendants was felt by Art Assure in New York.

All of the Artmentum Defendants interposed boilerplate affidavits claiming that they did no business in New York or the United States. From a search of the internet, Art Assure has been able to find information to the contrary. Art Assure, however, requires limited discovery in aid of jurisdiction to oppose this motion to dismiss. Information such as visits to the United States/ New York, defendants' international marketing activities and sales and defendants' relationships with entities and/or individuals in New York is information exclusively within defendants' control.

The motion to dismiss should be stayed pending the limited discovery in aid of jurisdiction.

## ARGUMENT

### POINT I
### THERE IS POTENTIALLY JURISDICTION OVER THESE DEFENDANTS

There are two statutes which may provide personal jurisdiction over the Artmentum Defendants in New York – CPLR 302(a)(1) and CPLR 302(a)(3). In opposing a motion to dismiss on the basis of an alleged lack of personal jurisdiction in New York, Art Assure does not have to conclusively demonstrate that jurisdiction exists but only must show that there are sufficient facts to create a prima facie case for jurisdiction. See Bialek v. Racal-Milgo, Inc., 545 F. Supp. 25 (S.D.N.Y. 1982). Affidavits may supplement the pleadings and the facts are viewed in the light most favorable to plaintiff. Id. Art Assure must also show that requiring the Artmentum Defendants to defend against this case in New York does not offend notions of due process as first enunciated in International Shoe v. Washington, 326 U.S. 310 (1945).

A.    **THERE MAY BE JURISDICTION UNDER CPLR 302(a)(1)**

Under CPLR 302(a)(1), New York may acquire jurisdiction over a non resident who "transact any business within the state or contracts anywhere to supply goods or services in the state". See Stardust Dance Prods. Ltd. v. Cruise Groups International, Inc., 63 A. D. 3d 1262, 881 N.Y.S. 2d 192 (3rd Dept 2009). As noted in Stardust, CPLR 302 (a)(1) is a single act statute. Thus, a single act may support jurisdiction as long as the claims in the complaint relate to that single act. See Deutsche Bank Securities, Inc. v. Montana Board of Investments, 21 A.D. 3d 90, 797 N.Y.S. 2d 439 (1st Dept 2005); see also Cosmetech International LLC. v. Der Kwei Enterprise and Co., Ltd, 943 F. Supp. 311 (S.D.N.Y. 1996) (holding that personal jurisdiction may exist over a foreign company which commits a single act in New York).

4

In the case at bar, the Artmentum Defendants knew at all times that Art Assure was resident in New York and that, if and when, the Contract was fully performed that at least parts of the Collection would be shipped to New York and sold here. A further evaluation of the Collection was to be performed by Sotheby's, also resident in New York. Artmentum Defendants knew of Art Assure's plans to sell the Collection in conjunction with Sotheby's (resident in New York ) through art auctions and private sales. Artmentum Defendants were also informed by Art Assure that it had ongoing conversations with Christie's and with Paul Allen, as potential purchasers of parts of the Collection.

Additionally, Art Assure made arrangements with entities in New York for financing of the sale of the Collection. The Contract was executed by Asher Edelman in New York and all of the emails sent by Burkhalter and the other Artmentum Defendants were addressed to Mr. Edelman in New York.  Thus, by their own actions, the Artmentum Defendants contacted to supply goods (the Collection) to New York. CPLR 302(a)(1) provides a clear basis for personal jurisdiction over the Artmentum Defendants in New York.

The Artmentum Defendants deny in their affidavits that they have any contacts with New York. Burkhalter's own website and the once present Artmentum website are to the contrary. Burkhalter advertises that he is available for consultations to clients all over the world including the United States and maintains an affiliation with a Seattle law firm. Artmentum itself also advertised on its own website (when that website was available for review) that it had substantial clients all over the world including the United States.  The extents of the business conducted by these defendants in New York and in the United States are matters solely within their control. Art Assure needs discovery to ascertain the size and scope of all of the Artmentum Defendants'

contacts with New York and the United States. See HBK Master Fund, LP v. Troika Dialog

USA, Inc., 85 A.D. 3d 665, 925 N.Y.S. 2d 829 (1st Dept 2011).

      In sum, Art Assure can demonstrate to this Court at this stage in the litigation that there

was a Contract which was to be partially performed in New York and that the Artmentum

Defendants executed the Contract with full knowledge that Art Assure was resident in New York

with New York customers and contacts.

### B.    THERE MAY BE JURISDICTION UNDER CPLR 302(a)(3)(ii)

Under CPLR 302(a), jurisdiction may exist over a non-domiciliary who:

> 3. …commits a tortious act without the state causing injury to person or
> property within the state…if (it)
>> i. regularly does or solicits business, or engages in any other
>> persistent course of conduct, or derives substantial revenue from
>> goods used or consumed or services rendered in the state, or
>> ii. expects or should reasonably expect the act to have
>> consequences in the state and derives substantial revenue from
>> interstate or international commerce.

The Artmentum Defendants fit within the parameters of CPLR 302(a)(3)(ii).

      In Sybron Corp. v. Wetzel, 46 N.Y.2d 197, 413 N.Y.S.2d 127 (1978), the defendant

resided in New Jersey and had no offices or employees in New York but tried to solicit the

services of an employee of plaintiff, a New York corporation. The solicited employee was in

possession of vital trade secrets belonging to plaintiff. The Court of Appeals sustained

jurisdiction under CPLR 302(a)(3)(ii) and granted plaintiff an injunction, finding that absent an

injunction, plaintiff must suffer irreparable harm. See Bank Brussels Lambert v. Fiddler

Gonzalez & Rodriguez 171 F. 3d 779 (2d Cir. 1999) (sustaining jurisdiction over Puerto Rican

law firm where the affects of the actions by that firm were felt in New York); see also National

Westminster Bank PLC v. Retirement Care Associates, Inc., 1999 US DIST LEXIS 5807

(S.D.N.Y. 1999) (denying a motion to dismiss for lack of jurisdiction by defendant which

claimed that any effects in New York were too remote to sustain jurisdiction; District Court found that defendant had committed a tortious act in New York and should have anticipated the effects of that act in New York).

In Park Galleries v. Franks, 2012 WL 2367040 (S.D.N.Y. 2012), the District Court upheld jurisdiction over an out of state defendant where the effects of any breach of contract caused by defendant's actions were occasioned in New York. See also Cosmetech International et al v. Der Kwei Enterprise and Co. Ltd., 943 F. Supp. 311 (S.D.N.Y. 1996) (holding that courts will look to where a plaintiff lost business to determine whether the effects of a tort where felt in New York).

Similarly, in Parke-Bernet Galleries, Inc. v. Franklyn, 26 N.Y. 2d 13, 308 N.Y.S. 2d 337 (1970), the Court of Appeals sustained jurisdiction over a non resident finding that a single act may confer jurisdiction as long as the party committing the act is aware of the New York connection to plaintiff. See also McLauglin, Supplementary Practice Commentaries, p.102-103; Gasarch v. Ormand Industries, Inc., 346 F. Supp. 550 (S.D.N.Y. 1972); Levisohn Lerner, Burger & Langsam v. Medical Taping Sys, Inc., 10 F. Supp. 2d 334 (S.D.N.Y. 1998 (holding that by contracting with a party who resided in New York, defendant knew that allegedly tortious activity arising from the contract would have consequences in New York).

There is another aspect of the dealings between Art Assure and the Artmentum Defendants which also points to personal jurisdiction in New York. Artmentum Defendants insisted that any comfort letter which Art Assure was obligated to provide under the Contract originate with a bank maintaining banking transactions through the SWIFT system and that the comfort letter itself be sent through the SWIFT system. Artmentum Defendants further insisted that their own bank, DZ PrivatBank rejected the comfort letter supplied by Art Assure. The

invocation of the international banking system by the Artmentum Defendants shows that they were international business people who, in dealing with a New York resident, Art Assure, could expect to defend against a lawsuit here. See Erhlich-Bober & Co v. University of Houston, 49 N.Y. 2d 574, 427 N.Y.S. 2d 604 (1980).

In the case at bar as in all of the cases cited above, Artmentum Defendants were fully aware that Art Assure resided in New York, that Art Assure had conferred with Sotheby's and Christie's over the Collection and that Art Assure intended to sell certain pieces of art included in the Collection in New York. Personal jurisdiction over these defendants exists in New York.

### POINT II
### DUE PROCESS IS NOT OFFENDED BY KEEPING THE CASE IN NEW YORK

In the case at bar, not only does Art Assure maintain its principal place of business in New York, as demonstrated by the Edelman Affidavit, but the effects of the fraud perpetuated against Art Assure were felt in New York as Art Assure lost business in New York as a result. Its relationship with both Sotheby's and Christie's was strained by the actions taken by the Artmentum Defendants and it lost potentially valuable art sales in New York.

Artmentum Defendants improperly contend that requiring them to participate in this litigation in New York offends due process as enunciated in International Shoe v. Washington, 326 U.S. 310 (1945). They further contend that Daimler AG v. Bauman, 134 S. Ct. 746 (2014), a recent Supreme Court case, stands for the proposition that retaining this case in New York offends due process. The fact pattern in the Daimler case is, however, not consistent with the fact pattern in the case at bar. As a result, it does not apply herein.

In Daimler, the plaintiffs were Argentinean residents who sued Daimler for acts taken by one of its subsidiaries against Argentinean citizens in Argentina. There was no nexus to California where the case was brought – not on the part of the plaintiffs or the defendants. Unlike

the Daimler case, this case involves a New York resident, Art Assure, complaining of actions taken against it which had direct effects in New York.

There are cases more to the point than Daimler holding that in situations similar to the case at bar, sustaining jurisdiction in New York does not offend due process. For example, in Energy Brands, Inc. v. Spiritual Brands, Inc., 571 F. Supp. 2d 459 (S.D. N.Y. 2008), the District Court found that sustaining personal jurisdiction in New York did not offend due process where defendant had earned $158.53 in revenue from New York sales. The Energy Court determined that the initial inquiry is whether or not there was personal jurisdiction under the CPLR 302 as that statute does not extend jurisdiction as far as it could under International Shoe. The Energy Court found that a single act could confer jurisdiction in New York and that would not offend due process. In Energy, defendant had maintained an interactive website until the lawsuit was filed when it conveniently closed the interactive part of the website down. Similarly, Artmentum had maintained a website until this lawsuit was file. See also Allied Dynamics Corp. v. Kennametal Inc., 965 F. Supp. 2d 276 (E.D.N.Y. 2013) (sustaining jurisdiction over an Italian manufacturer).

In Zottola v. AGI Group, Inc., 63 A.D.3d 1052, 882 N.Y.S. 2d 445 (2d Dept 2009), defendant, a Florida corporation, moved to dismiss the case based upon an alleged lack of jurisdiction in New York. The case involved plaintiff, a New York resident, who had shopped for a boat on the internet and purchased the boat from defendant which shipped it to New York. Plaintiff had also wire transferred money from a New York bank to Florida. Reversing the lower court's dismissal of the case, the Second Department held that "...due process is not offended as long as a party avails itself of the benefits of the forum, has sufficient minimum contacts with it, and should reasonably expect to defend its actions there." Id.

In <u>Deutsche Bank v. Montana Board of Investments</u>, 7 N.Y. 3d 65, 72 (2006), the Court of Appeals held as follows: "[W]hen the requirements of due process are met, as they are here, a sophisticated institutional trader knowingly entering our state--whether electronically or otherwise--to negotiate and conclude a substantial transaction is within the embrace of the New York long-arm statute."

In the case at bar, requiring the Artmentum Defendants to participate in this lawsuit does not offend any notions of due process. Artmentum Defendants were fully aware that they were dealing with a New York resident when the Contract was negotiated, when the Contract was executed and when they breached the Contract. Had the Contract been fully performed, the so-called exclusive mandate would have been delivered to New York for Mr. Edelman's review. Ultimately, had the sale of the Collection been a reality, certain of the paintings involved would have been sold through New York using Sotheby's to assist in holding auctions and private sales. The agreement with Sotheby's was executed in New York.

The motion to dismiss on the basis of absence of personal jurisdiction should be denied.

**POINT III**
**THIS ACTION BELONGS IN NEW YORK**

This matter belongs in New York. Plaintiff, Art Assure, a New York resident chose this forum. Negotiations for the Contract were conducted by Mr. Edelman, from New York. He executed the Contract on behalf of Art Assure in New York. All of the emails were sent by Mr. Edelman from New York to the Artmentum Defendants. The Artmentum Defendants insisted that Art Assure's Texas bank use the SWIFT system for the transmittal of the comfort letter. Had the Contract been fully performed, the exclusive mandate would have been delivered to New York for Mr. Edelman to review. The doctrine of forum non conveniens does not apply herein.

10

Artmentum Defendants urge this Court to dismiss this action based upon the doctrine of forum non conveniens claiming that the Contract included a forum selection clause and that this case does not have a substantial nexus to New York. Both of these grounds are inapposite herein.

Under the doctrine of forum non conveniens, the Courts will examine a complaint to determine if the causes of action bear a substantial nexus to New York. The factors to be examined include the availability of witnesses, location of documents, residency of the parties, situs of the underlying action, litigation procedures in the alternate forum and the burden placed upon the New York courts. See Elgin Sweeper Co v. Melson, Inc., 884 F. Supp. 641 (N.D.N.Y. 1995),

In Elgin, the District Court denied a motion for summary judgment by the Royal Bank of Canada. In Elgin, plaintiff was an American company which had a distributorship relationship with Frink Canada for many years and had shipped street cleaning equipment to Frink Canada to fulfill orders for this equipment in Canada. At the time the goods were shipped, plaintiff did not know that Frink Canada was heavily indebted to Royal Bank of Canada through a series of revolving loans.

Royal Bank of Canada moved to dismiss the action based upon forum non conveniens. Denying the motion, the Court stated that " forum non conveniens implicates many other factors other than the application of a foreign country's law… The burden on a defendant moving to dismiss in favor of a foreign court is a heavy one, dismissal being the exception rather than the rule." Id at 648. See also Bodner v. Banque Paribas, et al., 114 F. Supp. 2d 117 (E.D.N.Y. 2000) (holding that deference to American citizens in their choice of forum is great even where a so-called equivalent forum (France) exists.

11

Courts begin the forum non conveniens analysis with the following presumption – "…a court should begin with the assumption that a plaintiff's choice of forum will stand unless the defendant can demonstrate that reasons exist to afford it less deference." Di Rienzo v. Philip Servs. Corp., 294 F. 3d 21, 28 (2d Cir. 2002); see also Traver v. Officine Meccaniche Toshci Spa, 233 F. Supp. 2d 404 (N.D. N.Y. 2002).

It is ironic for the Artmentum Defendants to claim that New York is an inconvenient forum for them when their own website boast about their international and American presence and they have attempted to sell the same Collection to Christie's here in New York, to the Robert Steele Gallery in New York and have attempted to sell other paintings to a New York gallery. New York is not an inconvenient forum for defendants who specifically claimed to Art Assure that their art business was global in nature.

Additionally, crucial witnesses for Art Assure are here in New York – Sotheby's and Christie's, Cantor Fitzgerald, Citigroup were all involved in Art Assure's preparatory activities in reliance upon the veracity of the Contract. These non party witnesses cannot be compelled to travel to Switzerland to testify.

Further, the Artmentum Defendants are citizens of several different countries – Germany, Switzerland and the Bahamas. There is no one country (aside from the United States) with ties to all of these defendants. Given that there is no one convenient venue, plaintiff's choice of venue should not be disturbed. See Varkonyi v. S. A. Empressa et al., 22 N.Y. 2d 333, 292 N.Y.S. 2d 670 ( 1968).

The Artmentum Defendants' arguments on forum non conveniens focus on the forum selection clause in the Contract. In that clause, the parties agreed to arbitration in Switzerland should disputes under the Contract arise and agreed to apply Swiss law to disputes. First, that

arbitration clause concerns disputes under the Contract and not the dispute in the case at bar. Here, Art Assure contends that the Artmentum Defendants were participants in a massive scheme designed to have Art Assure pay for a Collection which they had no right to sell. Second, the Complaint herein involves parties beyond just Artmentum which signed the Contract. The Complaint includes the self-proclaimed principals in Artmentum, Burkhalter, Schulz, Pidoux and Wynn. None of these individual defendants executed the Contract on their own behalf.

Artmentum Defendants improperly claim that Swiss law provides that non signatories to an arbitration agreement can be compelled to arbitrate. That is not the case. As the Second Circuit noted in <u>Motorola Credit Corp. v. Uzan</u>, 388 F. 3d 39 (2d Cir. 2004), Swiss law and New York law on the question of compelling a non signatory to an arbitration agreement to arbitrate is the same. Under both Swiss and New York law, a party cannot be compelled to participate in an arbitration when he or she did not execute the arbitration clause. "After oral argument, we requested supplemental briefs from the parties on various points of Swiss law…Plaintiffs submitted a Joint Declaration of Dr. Pierre Karrer, Dr. Franz Kellerhals, and Dr. Beat Denzler… All of these experts are highly credentialed Swiss lawyers who have substantial experience with arbitration law. .. Having reviewed these statements and their supporting authorities, we conclude that under Swiss law, defendants as nonsignatories to the agreements may not invoke the arbitration clauses contained in those agreements". Id at 51.

In this way, the Artmentum Defendants would have Art Assure proceed with this case on a piecemeal basis. Critical defendants such as Burkhalter and Schulz cannot be forced to participate in any arbitration in Switzerland as a party defendant. Art Assure would have to proceed with arbitration in Switzerland against the company, Artmentum alone, and then proceed with this lawsuit against the principals – leaving open the chance of inconsistent verdicts and

uncalled for expense. It makes no sense to proceed in this manner when all of the necessary and relevant parties are before this Court.

## POINT IV
## ART ASSURE DID NOT WAIVE RIGHT TO SUE BYARBITRATION CLAUSE

Artmentum Defendants improperly claim that Art Assure waived its rights to bring this Complaint before this Court by executing the Contract including an arbitration clause. This argument makes no sense in light of the facts described above. Only Artmentum alone can be compelled to arbitrate as it executed the Contract. It is ironic for Artmentum to claim that this matter should be brought before an arbitral panel in Switzerland when Artmentum has taken no steps whatsoever to bring its bogus claim that Art Assure breached the Contract to arbitration.

Art Assure did not waive any rights to sue for fraud when it executed the Contract with an arbitration clause. That Contract was based upon representations made by the Artmentum Defendants about their exclusive mandate to sell the Collection, representations regarding ownership of the Collection, representations regarding the so-called pivotal role of DZ PrivatBank in the transactions and representations regarding the financial capability of Artmentum to finance €50 million Euros in art sales. Art Assure has now discovered that DZ PrivatBank knew nothing of this transaction, did not reject the comfort letter as specifically represented by Burkhalter, and that Artmentum had closed its  purely customer relationship with DZ PrivatBank at the time the comfort letter was allegedly rejected by that bank. Artmentum purposefully took its website down shortly after this lawsuit was filed.

The arbitration clause has no value in this case. Here, Art Assure is faced with a massive fraudulent scheme designed to have Art Assure pay a steep price for the Collection when the Artmentum Defendants had no right to sell it. The arbitration clause was executed based upon the bona fides of the Contract which Art Assure has now learned were false.

The Contract was not worth the paper it was written on because it was filled with misrepresentations. See <u>Mason v. Stevensville Golf and Country Club,</u> 292 F. 2d 348 (S.D. N.Y. 1968) (holding that failure to move for a stay did not result in a waiver of the rights to arbitrate).

## POINT V
## ART ASSURE DID NOT VIOLATE THE CONFIDENTIALITY PROVISIONS

Artmentum Defendants improperly claim that Art Assure violated the confidentiality provisions of the Contract by bringing this action. That is not the case. The confidentiality provisions of the Contract relate only to the financial terms of that Contract and  not to the Contract itself. Further, by the Artmentum Defendants' reckonings, Art Assure would have no right to sue (even in arbitration) as that might involve divulging confidential information. That is clearly not the case.

In any case, the parties could enter into a separate confidentiality stipulation when this case goes forward which would provide whatever protections are equitable.

## POINT VI
## ART ASSURE IS ENTITLED TO LIMITED DISCOVERY IN AID OF JURISDCTION

Defendants have submitted a series of boilerplate affidavits in which they proclaim that they have no bank accounts in New York, no real estate here and have not travelled to New York. All of these statements cannot be verified by Art Assure without limited discovery in aid of jurisdiction. The information regarding defendants' travel plans and business activities is information strictly within their own control. Marketing plans by these defendants aimed at New York, contacts with New York entities to sell art and international art sales all represents information exclusively within the control of these defendants.

To compel Art Assure to oppose the motion to dismiss without limited discovery offends due process. Artmentum Defendants can present this Court with a series of affidavits which

cannot be verified by Art Assure.  A review of their passports and limited depositions on their business activities would generate the type of information Art Assure requires to defend against the Artmentum Defendants' motion to dismiss.

As noted above, it is beyond curious that the Artmentum website disappeared from the internet at the very time that this lawsuit was filed. What Artmentum did not realize in taking down the website is that nothing ever disappears from the internet. Artmentum's presence on the internet can still be traced and the representations regarding Artmentum's expertise and global presence from that website can be viewed. What Art Assure does not know (and can only be found through a deposition of Artmentum) is the total extent of Artmentum's business activities in the United States and in New York and the total extent of Artmentum's international commerce as provided in CPLR 302(a)(3)(ii).

The question of any marketing activities by these defendants directed towards either the American or New York markets is also a question solely within these defendants' control. These defendants can deny such activities and Art Assure has no way of checking the veracity of such statements without limited discovery herein.

A party confronted with a motion to dismiss alleging either forum non conveniens and/or lack of personal jurisdiction may move to take limited discovery to oppose such a motion. See Texas International Magnetics, Inc. v. BASF Aktiengesellschaft, 31 Fed. Appx. 738, 740 (2d Cir. 2002) (granting limited discovery in aid of jurisdiction finding that "Depending on what facts are developed in jurisdictional discovery, assertion of jurisdiction over BASF on this basis may be appropriate").

In Winston & Strawn v. Dong Won Securities Co, Ltd., 2002 WL 31444625, p. 5 (S. D.N.Y. 2002), this Court permitted limited jurisdictional discovery finding as follows: "Pre-

motion discovery should be permitted where the facts necessary to establish personal jurisdiction and propriety of venue lie exclusively within the defendant's knowledge." See also <u>Hollens v. U.S. Tennis Ass'n</u>, 469 F. Supp. 2d 67 (E. D. N.Y. 2006).

<b><u>CONCLUSION</u></b>

For all of the reasons heretofore stated, the motion to dismiss should be denied in its entirety and the cross motion for limited discovery in aid of jurisdiction granted in its entirety.

Dated: New York, New York
August 8, 2014

Franzino & Scher, LLC

By: _____
Frank J. Franzino, Esq.
*Attorneys for Plaintiff*
900 Third Avenue, 17th Floor
New York, New York 10022
(212) 230-1140