UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
ART ASSURE LTD., LLC,　　　　　　　　　　:

　　　　　　Plaintiff,　　　　　　　　　　　:

　　　　-against-　　　　　　　　　　　　　:

　　　　　　　　　　　　　　　　　　　　　　　14 CV 3756 (LGS)
ARTMENTUM GMBH, MICHAEL SCHULZ, THOMAS :
BURKHALTER, ELIANE PIDOUX, INTERNATIONAL
CORPORATE ART CONSULTING, KEVIN WYNN,　:
KLAUS MACIEJEWSKI, HANS-BERT MOLL, and DZ
PRIVATBANK (SCHWEIZ) AG,　　　　　　　:

　　　　　　Defendants.　　　　　　　　　:

------------------------------------------------------------ X

## DECLARATION OF MICHAEL SCHULZ
## IN OPPOSITION TO CROSS MOTION FOR DISCOVERY

I, Michael Schulz, hereby depose and state under the penalties of perjury pursuant to 28 U.S.C. § 1746:

1. I am over eighteen years old, and I make this affidavit based on my personal knowledge.

2. I am the Chief Executive Officer of defendant Artmentum GmbH ("Artmentum").

3. Artmentum maintained a banking relationship with DZ Privatbank (Schweiz) AG ("DZ Privatbank") from 2008 until 2013 not only as its commercial bank but also in light of Artmentum's need for the handling of art transactions, including art items and art collections stemming from Japan, and the conclusion and settlement of respective transactions via Zurich/Switzerland.

4. DZ Privatbank was informed about the background and the legal setup regarding said art collection. This information had to be given to DZ Privatbank in 2008 in order to open the bank account.

5. Since 2008, DZ Privatbank received several bank comfort letters of interested buyers.

6. In another case involving the art collection at issue in the Complaint, and as agreed with Artmentum beforehand, DZ Privatbank sent a confirmation letter on the bank's letterhead (signed by Silvio Schneider) to Japan confirming that there was a financially capable party for the acquisition of the art collection.

7. Mr. Schneider had not been given any information about Asher Edelman or Art Assure Ltd., LLC at or around the time that Artmentum and Art Assure signed the Memorandum of Understanding ("MOU") on June 30, 2013 because there was no need to do so as long as we eventually received proof of the plaintiff's financial capacity to execute the intended transaction.

8. As it turned out, Art Assure was unable to provide that proof, despite the negotiations and second chances described in Artmentum's Motion to Dismiss papers.

Pursuant to 28 U.S.C. § 1746, I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed in Frankfurt/Germany under the pains and penalty of perjury this 29th day of August, 2014.

_____
Michael Schulz