UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ARTASSURE LTD., LLC                                 Case No. 14-cv-3756

                                      **Plaintiff,**

                                      -against-                                    REPLY AFFIDAVIT OF
                                                                                 ASHER B. EDELMAN

ARTMENTUM GMBH, MICHAEL SCHULZ,
THOMAS BURKHALTER, ELIANE PIDOUX,
INTERNATIONAL CORPORATE ART
CONSULTING, KEVIN WYNN,
KLAUS MACIEJEWSKI, HANS-BERT MOLL, and
DZ PRIVATBANK (SCHWEIZ) AG

                                      **Defendants.**
------------------------------------------------------------------X

STATE OF NEW YORK    )
                                  : ss.:
COUNTY OF NEW YORK  )

      ASHER B. EDELMAN, being duly sworn, deposes and says:

      1.      I am a member of plaintiff Art Assure, Ltd, LLC ("Art Assure"). I base this Reply Affidavit upon my personal knowledge of the facts contained herein and in further support of the cross motion for limited discovery in aid of jurisdiction. The terms are as defined in the moving affidavit.

      2.      I have reviewed the affidavits presented by all of the defendants with regard to their allegations that they do not have any business in New York. Without limited discovery, Art Assure has no way of knowing if the statements in these affidavits are true and no way of knowing the extent of international business conducted by these defendants.

      3.      After the submission of the cross motion by Art Assure, it came to my attention that defendant Eliane Pidoux ("Pidoux") who swears that she has no business, no property, no

agents and no bank accounts in New York has, in fact, recently conducted business in New York with John Szoke, an art dealer located at 24 West 57th Street, New York, New York. I have recently learned that Pidoux has left Switzerland and now apparently resides in London, England.

4. On or about October 3, 2012, Pidoux sold ten items which she claimed were genuine Pablo Picasso etchings to Mr. Szoke for $53,500. These etchings were shipped by Pidoux to Mr. Szoke in New York. A copy of the invoice by Pidoux to Mr. Szoke is annexed hereto as Exhibit "A".

5. I am informed by Mr. Szoke that after he paid Pidoux for these etchings, he discovered that none of the ten etchings were genuine. He then asked Pidoux for return of his money but Pidoux has refused to refund the money. A copy of an affidavit by Mr. Szoke is annexed hereto as Exhibit"B".

6. I further understand that the October 2012 purchase was not the first time that Pidoux had dealings in artwork with Mr. Szoke in New York. He had previously sold her a Norwegian painting which was shipped from Norway to Pidoux. At that time, she knew that she was dealing with a New York art dealer and the communications with Mr. Szoke were through telephone calls and the Internet.

7. Given this new information which has just been discovered by Art Assure, I am confident that there are other transactions in New York by these defendants which they have chosen not to reveal to this Court. Limited discovery is, therefore, required.

8. Without such discovery, the Artmentum Defendants will be able to avoid New York jurisdiction by hiding their ties to New York and their international business.

9. Art Assure would not have considered purchasing the Collection absent the assurances by the Artmentum Defendants that they were international business people.

### REPLY PAPERS ARE FILLED WITH NEW FACTS

10. In an obvious attempt to malign my character and reputation, defendants resorted to attaching misleading and out of date information which has no relevance to the jurisdictional issues before this Court.

11. As my moving affidavit demonstrated, I had arranged for Sotheby's to partner with Art Assure on the purchase of the Collection. With Sotheby's and Art Assure's financial capability, Art Assure was able to complete the transaction.

12. None of this information on my character appeared in the moving papers. By attaching these articles to the reply, the Artmentum Defendants are trying to bring issues before this Court without giving Art Assure the ability to refute these issues.

13. In any event, none of this information has any relevance to the jurisdictional issues in this motion and should be ignored by this Court.

14. Additionally, what Artmentum does not tell this Court is the fact that Art Assure was ready willing and able to purchase the Collection prior to starting this lawsuit but was rebuffed by Artmentum. It then became clear that Artmentum had no right to sell the Collection and no exclusive mandate as promised.

### ARTMENTUM POSTS NEW WEBSITE

15. As noted in my moving affidavit, we discovered that the Artmentum website which I had reviewed before Art Assure executed the MOU disappeared in January 2014. I understand that in the reply papers, Artmentum claims that their website was never taken down.

16. That is not the case as we could not locate this website prior to the service of the reply papers by Artmentum.

17. Apparently, Artmentum has now posted a completely new website which differs in several important respects from the website which existed prior to January 2014.

18. The January 2014 website includes language concerning Artmentum's international business activities. The new website makes no mention of these international business activities and also does not include an instant translation into English as the prior version did.

19. The new website does, however, include a listing of all of the art fairs in New York and around the world for 2014. Included in this listing are art fairs in March, April and May 2014 in New York and an important art fair in Miami, Art Basel in December 2014. By the listing of the art fairs, the new website implies that Artmentum will have a presence at these art fairs including the art fairs in New York. A copy of the website is annexed hereto as Exhibit "C".

20. Without limited discovery in aid of jurisdiction, defendants can claim that they have no ties to New York and no international business and Art Assure cannot test these propositions and can claim that the new website is the one in existence prior to January 2014.

21. Without discovery in aid of jurisdiction, Artmentum can post information on international and New York art fairs on its website but Art Assure cannot know the nature of Artmentum's involvement in these art fairs and if such involvement led to business in New York and to international business.

22. Limited discovery in aid of jurisdiction is necessary here.

## DZ BANK AFFIDAVIT DOES RELATE TO JURISDICTIONAL ISSUES

23. During all of Art Assure's dealings with these defendants, Art Assure was repeatedly informed that DZ PrivatBank was the party which had the ongoing relationship with the Japanese owners of the Collection and that DZ PrivatBank had to review and then approve the capability letter. A copy of emails on this issue from defendant Burkhalter are annexed hereto as Exhibit "D".

24. We were recently informed by DZ PrivatBank that it had nothing to do with the transactions described in the Amended Complaint and had no role in the potential sale of the Collection to Art Assure. On this basis, we agreed to dismiss DZ PrivatBank from this action.

25. The Artmentum Defendants now claim that DZ PrivatBank did have a role in the transactions described in the Amended Complaint and protest the fact that DZ PrivatBank disclaims its so-called substantial role. In fact, in the reply affidavit by Michael Schulz, he claims that he has communications from DZ PrivatBank showing that DZPrivat Bank had reviewed the capability letters of other potential purchasers and confirmed on bank letterhead that the potential purchaser had financial capability. Schulz further swears that Artmentum had to inform DZ PrivatBank of the legal setup with regard to the Collection when it opened its account in 2008.

26. Schulz also states that Artmentum never gave DZPrivatBank information concerning Art Assure. This directly contradicts the emails annexed hereto which show that Art Assure was informed by Artmentum that DZPrivatBank rejected Art Assure's capability letter. See Exhibit C.

27. In sum, while claiming that DZPrivatBank had involvement in the transactions in the Amended Complaint, the Artmentum Defendants have not, however, produced any

correspondence, emails or memos to substantiate their position that DZ PrivatBank had a significant role in the transactions at issue herein.

28. When Art Assure consented to dismissing DZ PrivatBank from the case based upon the representations that it was not involved in the transactions at issue in the Amended Complaint, we reserved the right to bring DZ PrivatBank back into this action should these representations not be accurate.

29. DZ PrivatBank has a branch in New York located at 609 Fifth Avenue, New York, New York 10017. A copy of DZ PrivatBank's website showing this branch is annexed hereto as Exhibit "E".

30. Should DZ PrivatBank have had a role in the transactions described in the Amended Complaint, I am informed by counsel that there could be jurisdiction over all of the co-conspirators in this action based upon DZ PrivatBank's obvious connections to New York.

31. Art Assure has recently discovered that the Artmentum Defendants attempted to sell the same Collection offered to Art Assure to Joerg Becker in Austria. Mr. Becker has informed me that he was contacted by Defendant Klaus Maciejewski of Artmentum concerning a potential purchase of the Collection. Mr. Becker was specifically told that Credit Swiss was Artmentum's banking partner, that Credit Swiss had to approve the capability letter and that Credit Swiss was the entity which had the relationship with the owner of the Collection.

32. This, of course, directly contradicts the information conveyed to Art Assure about DZ PrivatBank making the correspondence which Artmentum Defendants claim to have with DZ PrivatBank all the more important herein.

33. As part of the limited discovery in aid of jurisdiction, the Artmentum Defendants should be required to produce all of their evidence that DZ PrivatBank was substantially involved.

34. This goes to the heart of the jurisdiction question and the Artmentum Defendants again make representations to this Court without any substantiation therefore.

WHEREFORE, the cross motion to stay the disposition of this motion pending limited discovery in aid of jurisdiction should be granted in its entirety.

_____
ASHER B. EDELMAN

Sworn to before me this
9th day of September, 2014

_____
Notary Public

ANDREW KNOLL
Notary Public, State of New York
No. 31-4694354
Qualified in Queens County
Certificate Filed in New York County
Commission Expires March 30, 2015