UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ARTASSURE LTD., LLC

                Plaintiff,

         -against-

ARTMENTUM GMBH, MICHAEL SCHULZ,
THOMAS BURKHALTER, ELIANE PIDOUX,
INTERNATIONAL CORPORATE ART
CONSULTING, KEVIN WYNN,
KLAUS MACIEJEWSKI, HANS-BERT MOLL, and
DZ PRIVATBANK (SCHWEIZ) AG

                Defendants.
-------------------------------------------------------------------X

Case No. 14-cv-3756

REPLY MEMORANDUM
OF LAW IN FURTHER
SUPPORT OF CROSS
MOTION

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF CROSS MOTION

FRANZINO & SCHER, LLC
*Attorneys for Defendants*
900 Third Avenue, 17th Floor
New York, New York 10022
(212) 230-1140

## TABLE OF CONTENTS

*Section*                                                                                                       *Page*

TABLE OF AUTHORITIES……………………………………………………………...………...ii

INTRODUCTION…………………………………………………………………...……………...1

ARGUMENT

POINT I:    ARTMENTUM DEFENDANTS' AFFIDAVIT AND REPLY AFFIDAVITS
            ARE NOT CONCLUSIVE ….….………………………………………………....3

POINT II:   THERE MAY BE JURISDICTION ON CO-CONSPIRACY THEORY ……......6

CONCLUSION ….…………………………………………………………………...………….8

## TABLE OF AUTHORITIES

*Cases* *Page*

Andre Emmerich Gallery, Inc. v. Segre
1997 WL 672009 (S.D. N.Y. 1997) ……………..……………………………………..7

Cleft of the Rock Foundation v. Wilson
992 F. Supp. 574 (E.D.N.Y. 1998) ……………………………….....………………..7

Daventree Ltd.v. Republic of Azerbaijan
349 F. Supp.2d 736 (S.D.N.Y. 2004) ……………….…………………………….….7

First City, Texas-Houston, N.A. v. Rafidain Bank
150 F.3d 172 (2nd Cir. 1998) …………………………………………………………5

Kamen v. AT&T
791 F.2d 1006, 1011 (2nd Cir. 1986) ……………..……………………………….….5

Marine Midland Bank, N.A. v. Miller
664 F.2d 899 (2nd Cir. 1981) …………………………………………….....………...5

Winston & Strawn v. Dong Won Securities Co, Ltd.
2002 WL 31444625 (S.D. N.Y. 2002) ……………….…………………………….....5

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF CROSS MOTION

This Reply Memorandum of Law is submitted on behalf of plaintiff Art Assure, Ltd, Inc. ("Art Assure") in further support of the cross motion for limited discovery in aid of jurisdiction. The facts are as stated in the Affidavit of Asher Edelman, the Affidavit of John Szoke and the Reply Affidavit of Asher Edelman and will be repeated herein only as necessary.

## INTRODUCTION

The Artmentum Defendants have presented this Court with a series of self-serving affidavits swearing that they do not do any business in New York, have no bank accounts here and have no property here. These defendants expect this Court to accept these affidavits at more than face value and dismiss this action based upon an alleged absence of jurisdiction without giving Art Assure an opportunity to conduct limited discovery in aid of jurisdiction.

Contrary to the self-serving affidavits, Art Assure has recently discovered that one of the Artmentum Defendants, Eliane Pidoux, sold ten alleged Picasso etchings to a New York art dealer in October 2012. The etchings were shipped to New York and the art dealer paid Pidoux in full. This was not the first time that this same dealer in New York had dealt with Pidoux. Previously, he had sold her a Norwegian print which was shipped to her in Switzerland. Contacts between these two were through telephone and the Internet.

After payment was made, the dealer learned that the etchings were not genuine and brought this important fact to Pidoux's attention. She refused to refund the purchase price even though what was shipped was not what was expected. In her affidavit, Pidoux swears that she does not do business in New York, has no property here, no bank accounts and no agents here.

Pidoux's affidavit is, of course, belied by the very fact that she did do business in 2012 with a New York art dealer and shipped art to New York and that this was not the only time she did business with this same New York resident.

The Pidoux affidavit proclaiming a lack of ties to New York in the face of at least two business dealings with a New York resident (aside from Art Assure) demonstrates why limited discovery in aid of jurisdiction is appropriate here. Without such discovery, Artmentum Defendants can say that they have no international business and have no business in New York and Art Assure lacks the wherewithal to find out if, in fact, this is true.

Additionally, based upon an affidavit from DZ PrivatBank that it had nothing to do with the potential sale of the Collection, Art Assure dismissed DZ PrivatBank from this action. In the correspondence with the Artmentum Defendants underlying this action, Art Assure was led to believe by the Artmentum Defendants that DZ PrivatBank was the entity which had the relationship with the owner of the Collection and that DZ PrivatBank had to approve any capability letter. Art Assure was informed by the Artmentum Defendants that DZ PrivatBank had rejected its capability letter. In the reply affidavit of the president of Artmentum, Michael Schulz states that there is correspondence on DZ PrivatBank's letterhead regarding the capability of a different potential purchaser of the Collection and that DZ PrivatBank was involved in the sale of the Collection. Schulz, however, does not bother to annex this supporting correspondence.

DZ PrivatBank has a branch in New York located on Fifth Avenue. If, in fact, DZ PrivatBank was deeply involved in the fraudulent scheme regarding the Collection, then there is potential jurisdiction over all of these parties under a co-conspirator theory. Since Schulz did not

2

annex the alleged correspondence which is vital to the question of jurisdiction, Art Assure should be given the opportunity to review such correspondence should it exist.

Finally, when Art Assure was in the process of preparing its opposition to the motion to dismiss, it attempted to access Artmentum's website. Art Assure discovered that the website was taken down in January 2014. In the reply papers, Artmentum claims that the website was not taken down and includes a copy of it. The new website is, however, different in several important respects from the old website. Gone is the language regarding Artmentum's international business activities and gone is the instant ability to translate from German to English. In its place (which could not have been accessed at the time that Art Assure's opposition papers were prepared) is a new website which includes information on art fairs throughout the world including several in New York in 2014. The website does not include information as to whether Artmentum participated in these art fairs, sold or bought art at them or was a member of any of the sponsoring organizations.

Given the Pidoux situation, the reappearing website and the DZ PrivatBank question, Art Assure should be given the opportunity to conduct limited discovery in aid of jurisdiction.

## POINT I

### ARTMENTUM DEFENDANTS' AFFIDAVIT AND REPLY AFFIDAVITS ARE NOT CONCLUSIVE

Contrary to the assertions by the Artmentum Defendants, their affidavits and reply affidavits are not conclusive as to the question of jurisdiction. In the cross motion papers, Art Assure established that jurisdictional discovery was required in order to determine "information such as visits to the United States/ New York, defendants' international marketing activities and sales and defendants' relationships with entities and/or individuals in New York." Cross motion

3

memo at page 3. In the reply, the Artmentum Defendants state "These topics are addressed comprehensively in the Artmentum Defendants' motion papers and supporting declarations, and do not justify the speculative exercise that Art Assure proposes." Reply Memo of Law at page 15.

Using stock affidavits, the Artmentum Defendants claim that they do not do business in New York, have no agents here, no bank accounts and no property. As Art Assure pointed out in the cross motion papers, any business relationships which the Artmentum Defendants may have with New York residents and the extent of their international business activities is information solely within the Artmentum Defendants' control. They can deny such relationships and Art Assure has no means, without jurisdictional discovery, to ascertain if the declarations are truthful.

In fact, Art Assure recently learned that defendant Pidoux did at least two business transactions with a New York art gallery. In 2012, Pidoux shipped ten etchings alleged to be authored by Picasso to an art dealer on West 57th Street in New York City. When that art dealer learned that the etchings were not genuine, he asked that Pidoux refund his over $53,000 and she refused. This transaction with a New York resident was clearly not mentioned in Pidoux's stock affidavit. Without jurisdictional discovery, the Artmentum Defendants can deny ties to New York and that information cannot be verified at all.

Further, there is the question of the disappearing website. When Art Assure was assembling its opposition to the motion to dismiss and preparing its cross motion, the Artmentum website which Art Assure had seen in 2013 was no longer online. According to the domain history of that website, it was taken down early in 2014 conveniently after Art Assure initiated

this action. In connection with the reply papers, Artmentum Defendants now claim that their website is available. This new website is, however, different than the original website viewed by Art Assure. Missing is the language in the original website which proclaimed that Artmentum had international business contacts.

Instead, the website now includes a list of several dozen art fairs in 2014 including art fairs in New York. It is unclear from the website whether the Artmentum Defendants participated in these art fairs in any way- i.e. - exhibiting art works, selling or buying art works or providing any type of art related services to the art fair. Without discovery, the Artmentum Defendants can change their website at a whim, advertise art fairs in New York and Art Assure has no ability to determine the extent of the Artmentum Defendants' participation in these art fairs and the extent of the international business contacts of these defendants.

Where facts necessary for jurisdiction lie exclusively within defendants' knowledge, "discovery will lead to more accurate judgment than one made solely on the basis of affidavits in response to the motion." Winston & Strawn v. Dong Won Securities Co, Ltd. 2002 WL 31444625 at page 5 (S.D.N.Y. 2002); see also Marine Midland Bank, N.A. v. Miller, 664 F.2d 899 (2nd Cir. 1981).

"In accord with principles of fundamental fairness... it was improper for the district court, in ruling on the 12(b)(1) motion, to have considered the conclusory and hearsay statements contained in the affidavits submitted by defendants, and to deny plaintiff limited discovery on the jurisdictional question." Kamen v. AT&T, 791 F.2d 1006, 1011 (2nd Cir. 1986); see also First City, Texas-Houston, N.A. v. Rafidain Bank, 150 F.3d 172, 176 (2nd Cir. 1998) (holding that "generally a plaintiff may be allowed limited discovery with respect to the jurisdictional issue.")

As in Winston, Kamen, and First City, this Court should not accept the self-serving and stock affidavits presented by the Artmentum Defendants to the effect that they do not have business in New York and the disappearing website which did not acknowledge international business contacts are the final truth as to the jurisdictional issue.

## POINT II

### THERE MAY BE JURISDICTION ON CO-CONSPIRACY THEORY

In the original Amended Complaint, Art Assure included DZ PrivatBank as a defendant because on several occasions, Art Assure was informed by the Artmentum Defendants that DZ PrivatBank had the personal relationship with the owner of the Collection and that DZPrivatBank had rejected Art Assure's capability letter. There are emails from the Artmentum Defendants to this effect annexed to the moving and reply affidavits herein.

When confronted with this information, DZ PrivatBank denied any involvement in the allegedly potential sale of the Collection to Art Assure and swore under oath that it had a purely commercial client relationship with Artmentum. DZ PrivatBank interposed an affidavit to this effect and Art Assure agreed to dismiss it from this action on this basis. Art Assure reserved its rights to bring DZ PrivatBank back into this action if such facts proved to be not as represented by the bank.

In the reply, the Artmentum Defendants claim that DZ PrivatBank did have an active role in the potential sale of the Collection but deny that DZ PrivatBank rejected Art Assure's capability letter. The Artmentum Defendants then claim that there is correspondence on DZ PrivatBank's letterhead confirming its involvement. None of this correspondence is, however,

annexed to the reply affidavit of Michael Schulz and remains in the sole possession of the Artmentum Defendants.

If DZ PrivatBank was involved in the scheme to defraud Art Assure, the question of jurisdiction in New York becomes an open issue. Art Assure relied upon the affidavit of DZ PrivatBank concerning its non-involvement in this scheme and the Artmentum Defendants did not bother to annex any documents to the contrary. DZ PrivatBank has an office located on Fifth Avenue in New York. Its potential participation in the scheme to defraud Art Assure would make it a co-conspirator in this scheme. Jurisdiction over a non-resident may be obtained under a co-conspirator theory. See Andre Emmerich Gallery, Inc. v. Segre, 1997 WL 672009 at page 4 (S.D. N.Y. 1997) (holding that "tortious acts of a co-conspirator within New York may be attributed to an out-of-state defendant in order to obtain personal jurisdiction over the defendant, on the theory that the co-conspirator is carrying out activities in New York in furtherance of the conspiracy"); see also Cleft of the Rock Found. v. Wilson, 992 F. Supp. 574 (E.D.N.Y. 1998).

In Daventree Ltd.v. Republic of Azerbaijan, 349 F. Supp.2d 736, 761 (S.D.N.Y. 2004), this Court held as follows: "If a plaintiff has identified a genuine issue of jurisdictional fact, jurisdiction discovery is appropriate even in the absence of a prima facie showing as to the existence of jurisdiction…"

It was the Artmentum Defendants who opened up this issue by contending that DZ PrivatBank was part of their sales process and then not providing either Art Assure or this Court with evidence to support this proposition. As far as Art Assure knew from the DZ PrivatBank affidavit, DZ PrivatBank was not involved. Since the question of co-conspirators is an issue brought to the attention of this Court by the Artmentum Defendants who then fail to support any

theories with documents, this question must be resolved with limited discovery in aid of jurisdiction.

## CONCLUSION

For all of the reasons heretofore stated, the cross motion for limited discovery in aid of jurisdiction should be granted.

Dated: New York, New York  
September 12, 2014

Franzino & Scher, LLC

_____  
Frank J. Franzino (FF 9740)  
*Attorneys for Defendants*  
900 Third Avenue, 17th Floor  
New York, New York 10022  
(212) 230-1140