UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X
                                                          :
ART ASSURE LTD., LLC,                                     :
                                    Plaintiff,            :
                                                          :          14 Civ. 3756 (LGS)
                   -against-                               :
                                                          :          OPINION AND ORDER
ARTMENTUM GMBH, et al.,                                   :
                                    Defendants,           :
                                                          :
--------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/04/2014

LORNA G. SCHOFIELD, District Judge:

Plaintiff Art Assure Ltd., LLC ("Art Assure") brings this action against Defendants Artmentum GmbH ("Artmentum"), International Corporate Art Consulting ("ICAC"), DZ PRIVATBANK (Schweiz) AG ("DZ Privatbank"), and five individual Defendants, alleging breach of contract and fraud in connection with an unconsummated sale of artwork.  Defendants move to dismiss the Complaint for lack of personal jurisdiction.  As Plaintiff has failed to make a prima facie showing to establish personal jurisdiction over Defendants, the Motion to Dismiss is granted.

## I.    BACKGROUND

### A.    PROCEDURAL HISTORY

On January 31, 2014, Plaintiff filed the Complaint in this action in New York state court.  On April 30, 2014, Defendant DZ Privatbank received the Summons and Complaint.  On May 27, 2014, DZ Privatbank timely removed the action to federal court.  28 U.S.C. § 1446(b).

### B.    RELEVANT FACTS

The following facts are taken from the Complaint and its supporting materials, construed in the light most favorable to the plaintiff.  *See S. New Eng. Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 138 (2d Cir. 2010).

Plaintiff Art Assure is a limited liability company, incorporated in Delaware, and maintains its principal place of business in New York.  Art Assure finances the sale and purchase of valuable artwork.  Defendant Artmentum is a corporation, incorporated in Switzerland, and maintains its principal place of business in Switzerland; Artmentum sells valuable artwork. Defendant Michael Schulz is the CEO of Artmentum, and Defendants Kevin Wynn and Klaus Maciejewski are Artmentum employees.  Defendant Thomas Burkhalter is the "attorney and primary representative of Artmentum," and Defendant Hans-Bert Moll is an Artmentum agent. Defendant ICAC is an adviser to Artmentum; Defendant Eliane Pidoux is ICAC's principal. Defendant DZ Privatbank is a bank retained by Artmentum.  The Complaint alleges that all Defendants maintain places of businesses in Switzerland, and Defendants' Notice of Removal avers that Defendants are citizens and domiciliaries of various countries in Europe.

In May 2013, the parties began negotiations concerning Art Assure's prospective purchase of a collection of nineteenth- and twentieth-century artwork then owned by a Japanese bank.  On June 29, 2013, Art Assure and Artmentum executed a Memorandum of Understanding ("MOU") to govern the terms of the sale.  The MOU provided, inter alia, that:

- Art Assure would send to DZ Privatbank's Zurich office a letter formally expressing its interest in the sale and confirming that it had the financial capability to consummate the transaction.

- Art Assure, in cooperation with Artmentum, would conduct due diligence to confirm the "condition, title, provenance, authenticity and historical data o[f] all the art pieces" in Japan.

- After Art Assure deposited the full purchase price with DZ Privatbank's Zurich office, the collection would be transported to Switzerland.

2

- The closing of the transaction would take place in Switzerland.

- The MOU would be "governed by, and interpreted in accordance with, the substantive laws of Switzerland."

The MOU further contained a "Place of Jurisdiction" clause that read:

> Any dispute, controversy, or claim arising out of, or in relation to, this MOU, including the validity, invalidity, breach, or termination thereof, shall be resolved by arbitration in accordance with the Swiss Rules of International Arbitration of the Swiss Chambers' Arbitration Institution in force on the date on which the Notice of Arbitration is submitted in accordance with these Rules. The number of arbitrators shall be one: the seat of the arbitration shall be Zurich in Switzerland, unless the parties agree on a city in another country; the arbitral proceedings shall be conducted in English.

Pursuant to the MOU, non-party First Dallas Merchant Banque sent a letter to DZ Privatbank indicating that "ArtAssure is capable of organizing the funding . . . for the purchase" of the collection. Defendants represented to Art Assure that DZ Privatbank had rejected the letter. Negotiations between the parties ceased shortly thereafter.

The Complaint alleges that Defendants made a series of fraudulent misrepresentations, inducing Art Assure to expend "considerable resources . . . to research the transaction, to obtain potential financing for the transaction, and to research the Collection."

## II.    STANDARD

"On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the court has [personal] jurisdiction over the defendant." *Metr. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996) (citing *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994)). Where "a district court . . . relies on the pleadings and affidavits, and chooses not to conduct a full-blown evidentiary hearing, plaintiffs

need only make a *prima facie* showing of personal jurisdiction." *S. New Eng. Tel. Co.*, 624 F.3d at 138 (emphasis added) (internal quotation marks and citation omitted). "This showing may be made through the plaintiff's own affidavits and supporting materials, containing an averment of facts that, if credited, would suffice to establish jurisdiction over the defendant." *Id.* (internal quotation marks and citation omitted). A court construes the pleadings and affidavits in the light most favorable to the plaintiff, resolving all doubts in its favor. *Id.* However, a plaintiff may not rely on conclusory statements without any supporting facts, as such allegations would "lack the factual specificity necessary to confer jurisdiction." *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 185 (2d Cir. 1998).

## III.   DISCUSSION

A federal district court engages in a two-step inquiry to determine whether it has personal jurisdiction over a defendant. *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242 (2d Cir. 2007). The court first considers whether there is personal jurisdiction over the defendant under the laws of the forum state. *Id.* If so, the court then assesses whether asserting jurisdiction would be consistent with the requirements of due process under the Fourteenth Amendment. *Id.* (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 315 (1945)).

### A.   Personal Jurisdiction

New York's long-arm statute, section 302(a) of New York Civil Practice Law and Rules, govern the scope of the Court's jurisdiction over Defendants. Plaintiff rests its assertions of personal jurisdiction on sections 302(a)(1) and 302(a)(3)(ii).

#### 1.   Section 302(a)(1)

The Court has no jurisdiction over Defendants under § 302(a)(1) because they do not transact business in New York, nor did they contract to supply goods or services in New York.

Section 302(a)(1) provides that "a court may exercise personal jurisdiction over any non-domiciliary" who "transacts any business within the state or contracts anywhere to supply goods or services in the state." N.Y. C.P.L.R. § 302(a)(1). The purpose of this statute is to determine if the "defendant [has] purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *McKee Elec. Co. v. Rauland-Borg Corp.*, 20 N.Y.2d 377, 382 (1967). Courts consider several factors to determine if a non-domiciliary transacts business in New York for the purpose of section 302(a)(1), including:

> (i) whether the defendant has an on-going contractual relationship with a New York corporation; (ii) whether the contract was negotiated or executed in New York and whether, after executing a contract with a New York business, the defendant has visited New York for the purpose of meeting with parties to the contract regarding the relationship; (iii) what the choice-of-law clause is in any such contract; and (iv) whether the contract requires franchisees to send notices and payments into the forum state or subjects them to supervision by the corporation in the forum state.

*Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 22 (2d Cir. 2004). The place of performance and the place of the execution of a contract may also be considered. *Cooper, Robertson & Partners, LLP v. Vail*, 143 F. Supp. 2d 367, 371 (S.D.N.Y. 2001). "Although all factors are relevant, no one factor is dispositive and other factors may be considered." *Sunward Elecs.*, 362 F.3d at 22. "[T]he ultimate determination is based on the totality of the circumstances." *Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp.*, 98 F.3d 25, 29 (2d Cir. 1996).

The facts of this case are not sufficient to constitute transacting business or contracting to supply anything in New York. The Complaint does not allege any ongoing relationship between Plaintiff and Defendants, nor that Defendants negotiated or executed the MOU in New York. The choice of law and choice of forum clauses in the MOU designate Switzerland. The due diligence was to take place in Japan. The goods were to be shipped from Japan to Switzerland,

and the closing was to take place in Switzerland.

In its opposition brief, Plaintiff primarily relies on its own status as a New York domiciliary and its own conduct in New York. These facts are immaterial in evaluating personal jurisdiction over Defendants. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984) ("Such unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction.").

Plaintiff's arguments likewise fail to the extent that Plaintiff implies that the parties' transatlantic negotiations should give rise to personal jurisdiction. "New York courts have held that conducting contractual negotiations by phone, fax or mail with a party in New York does not constitute the transaction of business within the state." *Worldwide Futgol Assocs., Inc. v. Event Entm't, Inc.*, 983 F. Supp. 173, 177 (E.D.N.Y. 1997) (collecting cases); *accord Berkshire Capital Grp., LLC v. Palmet Ventures, LLC*, 307 F. App'x 479, 481 (2d Cir. 2008) (summary order) (Because "the contract here was to be performed entirely outside of New York[,] [t]he mere fact that it engaged in *some* contact with a New York [business] does not mean that [defendant] transacted business in New York."); *Mayes v. Leipziger*, 674 F.2d 178, 185 (2d Cir. 1982) ("[N]o court has extended [§] 302(a)(1) to reach a nondomiciliary who never entered New York, who was solicited outside of New York to perform services outside of New York, who performed outside of New York such services as were performed, and who is alleged to have neglected to perform other services outside of New York.").

Nor do Defendants' advertisements warrant the exercise of personal jurisdiction. Plaintiff points to Defendants' websites merely to highlight Defendants' representations that they serve clients globally. "This Court may not assert specific jurisdiction over [a defendant] simply

because it uses a website for the purpose of advertising or because it sells some products in New York." *Aqua Prods., Inc. v. Smartpool, Inc.*, No. 04Civ.5492, 2005 WL 1994013, at *5 (S.D.N.Y. Aug. 18, 2005); *accord Drucker Cornell v. Assicurazioni Generali S.p.A. Consol.*, No. 97 Civ. 2262, 2000 WL 284222, at *6 (S.D.N.Y. Mar. 16, 2000) (holding that "the mere fact that [defendant] allegedly maintains a website that can be accessed by New York citizens . . . does not establish that the firm 'transacts business' in New York"); *Bensusan Rest. Corp. v. King*, 937 F. Supp. 295, 301 (S.D.N.Y. 1996), *aff'd*, 126 F.3d 25 (2d Cir. 1997) ("Creating a site, like placing a product into the stream of commerce, may be felt nationwide -- or even worldwide -- but, without more, it is not an act purposefully directed toward the forum state.").  Plaintiff's argument concerning Defendants' advertisements must be rejected.

Plaintiff has therefore failed to make a prima facie showing that personal jurisdiction exists under section 302(a)(1).

### 2.        Section 302(a)(3)(ii)

Art Assure argues that personal jurisdiction exists because "Defendants . . . were international business people who, in dealing with a New York resident, Art Assure, could expect to defend a lawsuit here."  This allegation is insufficient to create personal jurisdiction under § 302(a)(3)(ii).

Section 302(a)(ii) provides that a court may exercise personal jurisdiction over a non-domiciliary who "(3) commits a tortious act without the state causing injury to person or property within the state . . . if he . . . (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce."  N.Y. C.P.L.R. 302(a)(3).  The New York Court of Appeals has identified five elements for personal jurisdiction under section 302(a)(3)(ii):

> (1) the defendant committed a tortious act outside New York; (2) the cause of action arose from that act; (3) the tortious act caused an injury to a person or property in New York; (4) the defendant expected or should reasonably have expected the act to have consequences in New York; and (5) the defendant derived substantial revenue from interstate or international commerce . . . .

*Penguin Grp. (USA) Inc. v. Am. Buddha*, 946 N.E.2d 159, 162 (N.Y. 2011) (citing *LaMarca v. Pak-Mor Mfg. Co.*, 735 N.E.2d 883, 886 (N.Y. 2000)).

As Plaintiff has failed to make a prima facie showing that Defendants' allegedly tortious acts "caused an injury to a person or property in New York," analysis of the remaining four elements is unnecessary. The Complaint alleges that Plaintiff suffered lost profits and unnecessarily expended resources in reliance of Defendants' representations. This allegation is insufficient to meet the "injury in New York" prong. "Section 302(a)(3) is not satisfied by remote or consequential injuries which occur in New York only because the plaintiff is domiciled, incorporated or doing business in the state." *Friedr. Zoellner (New York) Corp. v. Tex Metals Co.*, 396 F.2d 300, 303 (2d Cir. 1968); *accord Fantis Foods, Inc. v. Standard Importing Co.*, 49 N.Y.2d 317, 326 (1980) ("It has, however, long been held that the residence or domicile of the injured party within a State is not a sufficient predicate for jurisdiction, which must be based upon a more direct injury within the State and a closer expectation of consequences within the State than the indirect financial loss resulting from the fact that the injured person resides or is domiciled there." (citations omitted)); *Popper v. Podhragy*, 48 F. Supp. 2d 268, 274 (S.D.N.Y. 1998) ("To base jurisdiction solely on the fact that plaintiffs live in New York and that the damage arising from an out-of-state tort occurred here would raise serious constitutional questions.").

Rather than look to the plaintiff's domicile, "the situs of a nonphysical, commercial injury is where 'the critical events associated with the dispute took place.'" *Weiss v. Greenburg, Traurig, Askew, Hoffman, Lipoff, Quentel & Wolff, P.A.*, 85 A.D.2d 861, 861 (N.Y. App. Div. 1981) (quoting *Am. Eutectic Welding Alloys Sales Co. v. Dytron Alloys Corp.*, 439 F.2d 428, 433 (2d Cir. 1971)).  None of the critical events here are alleged to have taken place in New York, and the only connections with New York stem from Plaintiff's domicile.

Accordingly, there is no personal jurisdiction over Defendants under section 302(a)(3).

**B.**     **Due Process and Jurisdictional Discovery**

As Plaintiff has failed to make a prima facie showing that personal jurisdiction over Defendants exists, no Fourteenth Amendment due process inquiry is necessary.

In addition, jurisdictional discovery is unwarranted because there is no reason to think that such discovery would reveal facts supporting personal jurisdiction.  *See Jazini*, 148 F.3d at 186 ("Since the [plaintiffs] did not establish a prima facie case that the district court had jurisdiction over [the defendant], the district court did not err in denying discovery on that issue."); *Girl Scouts of U.S. v. Steir*, 102 F. App'x 217, 221 (2d Cir. 2004) (summary order) ("Because [the plaintiff] did not establish a *prima facie* case of personal jurisdiction over [the defendants] and because . . . they have no good faith basis for thinking discovery will yield information likely to establish personal jurisdiction over defendants, we conclude that the district court did not abuse its discretion in denying discovery.").  Plaintiff's cross-motion for limited jurisdictional discovery is denied.

**IV.     CONCLUSION**

Defendant's Motion to Dismiss (Dkt. No. 16) is GRANTED.  Plaintiff's Cross-Motion for

Discovery in Aid of Jurisdiction (Dkt. No. 30) is DENIED.  The Clerk of the Court is directed to

close the motions and to close the case.

SO ORDERED.

Dated: November 4, 2014
        New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**